**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

##### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>OFELIA BARILLAS, EDGAR BARILLAS</u>
Plaintiff

Case # _____
Judge  _____

vs.

<u>COSTCO WHOLESALE CORPORATION</u>
Defendant

#### II.    AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

#### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

Exhibit "A"

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  2

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ William R Jones III        Fla. Bar # 372293
      Attorney or party           (Bar # if attorney)

William R Jones III         09/13/2021
  (type or print name)         Date

 **CT Corporation**

**Service of Process Transmittal**
09/24/2021
CT Log Number 540302166

**TO:** Laura Aznavoorian, Litigation Supervisor
Gallagher Bassett Services, Inc.
1901 S. Meyers Rd, Suite 200C
Oakbrook Terrace, IL 60181

**RE:** **Process Served in Florida**

**FOR:** Costco Wholesale Corporation  (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: OFELIA BARILLAS and EDGAR BARILLAS, her husband // To: Costco Wholesale Corporation |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2021021007CA01 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/24/2021 at 03:21 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/24/2021, Expected Purge Date: 10/09/2021 |
| | Image SOP |
| | Email Notification,  Laura Aznavoorian  laura_aznavoorian@gbtpa.com |
| | Email Notification,  Zois Johnston  zjohnston@costco.com |
| | Email Notification,  Maureen Papier  maureen_papier@gbtpa.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Filing # 134556879 E-Filed 09/14/2021 01:42:10 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO. 2021-021007-CA-01

OFELIA BARILLAS and EDGAR BARILLAS,
her husband

      Plaintiffs,

vs.

COSTCO WHOLESALE CORPORATION,

      Defendant.

_____/

### CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:

      YOU ARE HEREBY COMMANDED to serve this Summons, Complaint, Request for Production, Interrogatories and Notice of Taking Deposition in this action on Defendant:

By Serving: **COSTCO WHOLESALE CORPORATION c/o**
**C T CORPORATION SYSTEM**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION, FL 33324**

Each defendant is required to serve written defenses to the complaint on Plaintiffs attorney:

      WILLIAM R. JONES, III, whose address is:
      The Law Offices of William R. Jones, III, P.A.
      9100 S. Dadeland Blvd., Suite 1702
      Miami, FL 33156
      (305) 670-9004
      (305) 670-0015 - fax

within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiffs' attorneys or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint.

DATED ON September 14, 2021

                    HARVEY RUVIN
                    Clerk of said Court

                    By_____
                     as Deputy Clerk

                    (COURT SEAL)

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO.

OFELIA BARILLAS and EDGAR BARILLAS,
her husband

       Plaintiffs,

vs.

COSTCO WHOLESALE CORPORATION,

       Defendant.

_____/

## **COMPLAINT**

COME NOW Plaintiffs, OFELIA BARILLAS and EDGAR BARILLAS her husband, by and through their undersigned attorney, sue the Defendant, COSTCO WHOLESALE CORPORATION and states as follows:

1.     This is an action for damages in excess of $30,000 exclusive of interest and costs.

2.     That at all times material to this action the Plaintiffs were husband and wife and residents of Miami-Dade County, Florida.

3.     That at all times material to this action the Defendant, COSTCO WHOLESALE CORPORATION was and is a foreign Corporation licensed to and doing business in Miami-Dade County, Florida (hereinafter referred to as "COSTCO").

4.     That at all times material to this action the Defendant COSTCO did own and/or operate and/or control and/or maintain a COSTCO Wholesale Store located at 14800 Sole Mia Way, North Miami, FL 33181.

5.     That at all times material to this action the Defendant COSTCO was open to the public and Plaintiff was a business invitee.

6.     That on or about August 28, 2020 the Plaintiff, Ofelia Barillas went to COSTCO shopping and she was caused to slip and fall on a slippery substance due to the negligent ownership and/or maintenance and/or control and/or mode of operation of Defendant COSTCO, sustaining serious injuries as more fully described below.

7.     That at all times material to this action the Defendant knew or should have known of the slippery foreign substance and/or created and/or caused and/or allowed the condition to occur with regularity.

### COUNT I - NEGLIGENCE CLAIM AGAINST DEFENDANT, COSTCO

Plaintiffs re-affirm and re-allege paragraphs 1-7 and further states as follows:

8.     That at all times material do this action, the Defendant COSTCO was under a duty to take reasonable care to make safe and/or warn the Plaintiff of the presence of any condition on the Defendant's premises that the Defendant knew or in the exercise of reasonable care, should have known existed and the Defendant realized or should have realized, involved an unreasonable risk of harm to the Plaintiff and that the Defendant knew, or in the exercise of reasonable care, should have known was unknown to or unlikely to be discovered by the Plaintiff.

9.     That the Defendant breached said duty owed by them to the Plaintiff and was guilty by negligence of one or more of the following acts:

    a.     negligent, careless and improper failure to <u>maintain</u> the premises in a reasonably safe condition;

    b.     negligent, careless and improper failure to <u>inspect</u> the premises in a reasonably safe condition;

    c.     negligent, careless and improper failure to maintain and/or clean up in the

area where Plaintiff fell when they were aware this was high traffic area;

d.   negligent, careless and improper failure to take proper precautions to protect the area and to prevent slippery conditions from occurring;

e.   negligent, careless and improper failure to recognize that the area where Plaintiff fell was area that had foreign substance on floor on regular basis and to take proper precautions;

f.   negligent, careless and improper failure to warn the Plaintiff of the negligent ownership and/or maintenance and control and/or mode of operation;

10.   That as a direct and proximate result of the negligence of the Defendant, the

Plaintiff OFELIA Barillas demands money damages for the following elements of past, present and

future damages:

a.   disability, discomfort, disfigurement and inability to lead a normal life;
b.   physical and mental pain and suffering;
c.   medical and related expenses;
d.   loss of earning and earning capacity;
e.   aggravation of a pre-existing condition;
f.   significant cosmetic scarring;

11.   That as a direct and proximate result of the aforementioned negligence of the

Plaintiff EDGAR BARILLAS, has in the past and will in the future, be jointly obligated for medical

and related expenses and will be forced to render to his wife, nursing, support, services, and suffer

a loss of companionship, society, support, services and consortium, all of which are to be continuing

and permanent in nature.

WHEREFORE, Plaintiffs sue the Defendant and demand money damages in excess of

$30,000.00 and demand trial by jury on all issues so triable as a right.

## COUNT II - NEGLIGENT MODE OF OPERATION CLAIM AGAINST DEFENDANT

Plaintiffs re-affirm and re-allege paragraphs 1-7 and further states as follows:

12.   That at all times material do this action, the Defendant COSTCO was under a

duty to take reasonable care to make safe and/or warn the Plaintiff of the presence of any activity or condition on the Defendant's premises that the Defendant knew or in the exercise of reasonable care, should have known existed and the Defendant realized or should have realized, involved an unreasonable risk of harm to the Plaintiff and that the Defendant knew, or in the exercise of reasonable care, should have known was unknown to or unlikely to be discovered by the Plaintiff.

13.    That the Defendant COSTCO breached its duty to the Plaintiff and was negligent in their mode of operation by one or more of the following acts:

a.    negligent, careless and improper failure to maintain the area where Plaintiff fell;

b.    negligent, careless and improper failure to take proper precautions to reduce or eliminate a risk of foreign substance on ground in area where Plaintiff fell;

c.    negligent, careless and improper failure to set policies, procedures and protocol to reduce the risk of foreign substances being spilled on the ground on a regular basis;

d.    negligent, careless and improper failure to warn the Plaintiff of the negligent ownership and/or maintenance and control and/or mode of operation;

14.    That as a direct and proximate result of the negligence of the Defendant, the Plaintiff OFELIA Barillas demands money damages for the following elements of past, present and future damages:

a.    disability, discomfort, disfigurement and inability to lead a normal life;
b.    physical and mental pain and suffering;
c.    medical and related expenses;
d.    loss of earning and earning capacity;
e.    aggravation of a pre-existing condition;
f.    significant cosmetic scarring;

15.    That as a direct and proximate result of the aforementioned negligence of the Plaintiff EDGAR BARILLAS, has in the past and will in the future, be jointly obligated for medical and related expenses and will be forced to render to his wife, nursing, support, services, and suffer

a loss of companionship, society, support, services and consortium, all of which are to be continuing and permanent in nature.

WHEREFORE, Plaintiffs sue the Defendant and demand money damages in excess of $30,000.00 and demand trial by jury on all issues so triable as a right.

<u>**NOTICE OF COMPLIANCE WITH RULE 2.516<br> AND DESIGNATION OF E-MAIL ADDRESS**</u>

COMES NOW the Law Office of William R. Jones, III, and hereby gives notice of compliance with Rule 2.516 of the Florida Rules of Judicial Administration and designates the following e-mail address to be used for Electronic Service of all pleadings and correspondence.

Randy@wrjoneslaw.com

Dated **September 13, 2021.**

**LAW OFFICES OF WILLIAM R. JONES, III**

By**:**     **_S:William R. Jones, III_**
WILLIAM R. JONES, III, ESQ.
9100 S. Dadeland Blvd., Suite 1702
Miami, FL 33156
(305) 670-9004
(305) 670-0015 - fax
Fla. Bar No. 372293
For Electronic Service:
Randy@wrjoneslaw.com
***Counsel for the Plaintiffs***

Also attached:
Notice of Taking Depositions Duces Tecum of Defendant
First Request for Production to Defendant
First Set of Initial Interrogatories to Defendant

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO.

OFELIA BARILLAS and EDGAR BARILLAS,
her husband

       Plaintiffs,

vs.

COSTCO WHOLESALE CORPORATION,

       Defendant.

_____/

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

COME NOW Plaintiffs, OFELIA BARILLAS and EDGAR BARILLAS, by and through their

undersigned counsel, and serve the attached First Set of Interrogatories on the COSTCO WHOLESALE

CORPORATION,  simultaneously with the Summons and Complaint, and request responses be served in

accordance with the time prescribed by the Florida Rules of Civil Procedure.

DATED this 13th day of September, 2021.

**LAW OFFICES OF WILLIAM R. JONES, III**

By:    _S:William R. Jones, III_____
          WILLIAM R. JONES, III, ESQ.
          9100 S. Dadeland Blvd., Suite 1702
          Miami, FL 33156
          (305) 670-9004/(305) 670-0015 - fax
          Fla. Bar No. 372293
          Randy@wrjoneslaw.com
          ***Counsel for the Plaintiffs***

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO.

OFELIA BARILLAS and EDGAR BARILLAS,
her husband

       Plaintiffs,

vs.

COSTCO WHOLESALE CORPORATION,

       Defendant.

_____/

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT

      COME NOW Plaintiffs, OFELIA BARILLAS and EDGAR BARILLAS, by and through their undersigned counsel, and serve the attached First Request for Production on the Defendant, COSTCO WHOLESALE CORPORATION, simultaneously with the Summons and Complaint, and request responses be served in accordance with the time prescribed by the Florida Rules of Civil Procedure.

1.    Please provide any and all policies of insurance that may be applicable covering the accident described in Plaintiffs' Complaint.  This would include the policy, as well as a copy of the declarations pages.

2.    Please provide full and complete copies of any and all statements provided by the Plaintiffs.

3.    Please provide full and complete copies of any and all statements taken from any witness to the accident.

4.    Please provide full and complete copies of photographs or other videotape, including surveillance videotape, CCTV camera or any other such video showing the accident or the condition of the premises at or near the time of the accident.

5.    Please provide full and complete copies of any videos from surveillance cameras showing the accident as alleged in Plaintiffs' Complaint.

6.    Please provide full and complete copies of any and all incident and/or accident reports.

7.    Please provide full and complete copies of any and all maintenance records related to

maintenance in the area where the subject accident occurred for a three-year period of time prior to the subject accident.

8.    Please provide full and complete copies of any and all policies, procedures, rules and regulations related to maintenance and safety that were in full force and effect as of the date of the subject accident.

DATED this 13th day of September, 2021.

LAW OFFICES OF WILLIAM R. JONES, III

By:     _S:William R. Jones, III_____
        WILLIAM R. JONES, III, ESQ.
        9100 S. Dadeland Blvd., Suite 1702
        Miami, FL 33156
        (305) 670-9004
        (305) 670-0015 - fax
        Fla. Bar No. 372293
        For Electronic Service:
        Randy@wrjoneslaw.com
        **Counsel for the Plaintiffs**

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO.

OFELIA BARILLAS and EDGAR BARILLAS,
her husband

      Plaintiffs,

vs.

COSTCO WHOLESALE CORPORATION,

      Defendant.

_____/

## NOTICE OF TAKING DEPOSITION DUCUS TECUM

      PLEASE TAKE NOTICE that the undersigned attorney will take the depositions of the

following individuals:

| NAME | DATE | TIME | LOCATION |
|---|---|---|---|
| **Defendant, COSTCO's Corporate Representative with the most knowledge of the area where the accident occurred at the time of the accident** | **November 17, 2021** | **1:00 p.m.** | **ZOOM** |

upon oral examination before United Reporting Services, or any other Notary Public or officer
authorized by law to take depositions in the State of Florida. The oral examination will continue from
day to day until completed and is being taken for the purposes of discovery, for use at trial, *de bene ese*
or for such other purposes as are allowed under the Rules.

**YOU ARE TO BRING WITH YOU AT SAID TIME AND PLACE ALL DOCUMENTS ON
ATTACHED ADDENDUM "A".**

      DATED this September 13, 2021.

                    **LAW OFFICES OF WILLIAM R. JONES, III**
                    **LAW OFFICES OF WILLIAM R. JONES, III**

                By:     *S:William R. Jones, III*
                    WILLIAM R. JONES, III, ESQ.
                    9100 S. Dadeland Blvd., Suite 1702
                    Miami, FL 33156
                    (305) 670-9004/(305) 670-0015 - fax
                    Fla. Bar No. 372293
                    Randy@wrjoneslaw.com
                    ***Counsel for the Plaintiffs***

cc:     United Reporting (please e-transcript only)

## ADDENDUM "A" TO NOTICE OF TAKING DEPOSITION DUCES TECUM

1.  Please provide any and all policies of insurance that may be applicable covering the accident described in Plaintiffs' Complaint.  This would include the policy, as well as a copy of the declarations pages.

2.  Please provide full and complete copies of any and all statements provided by the Plaintiffs.

3.  Please provide full and complete copies of any and all statements taken from any witness to the accident.

4.  Please provide full and complete copies of photographs or other videotape, including surveillance videotape, CCTV camera or any other such video showing the accident or the condition of the premises at or near the time of the accident.

5.  Please provide full and complete copies of any videos from surveillance cameras showing the accident as alleged in Plaintiffs' Complaint.

6.  Please provide full and complete copies of any and all incident and/or accident reports.

7.  Please provide full and complete copies of any and all maintenance records related to maintenance in the area where the subject accident occurred for a three-year period of time prior to the subject accident.

8.  Please provide full and complete copies of any and all policies, procedures, rules and regulations related to maintenance and safety that were in full force and effect as of the date of the subject accident.

102807-12

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

OFELIA BARILLAS and EDGAR BARILLAS, her husband,

      Plaintiffs,

v.

COSTCO WHOLESALE CORPORATION,

      Defendant.

_____/

CIRCUIT CIVIL DIVISION

CASE NO. 2021-21007-CA-01

## DEFENDANT, COSTCO WHOLESALE CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNT I OF PLAINTIFF'S COMPLAINT WITH INCORPORATED MOTION TO STRIKE PLAINTIFF'S MODE OF OPERATION ALLEGATIONS

Defendant, COSTCO WHOLESALE CORPORATION ("Costco"), by and through undersigned counsel hereby files its Answer and Affirmative Defenses to Count I of Plaintiff's Complaint as follows:

## ANSWER TO COUNT I

1. Costco denies the allegations in paragraphs 1, 6, 7, 9 (a)–(f), 10, and 11 of Plaintiff's Complaint.

2. As to the allegations in paragraphs 2, 5, and 8 of the Plaintiff's Complaint, Costco is without knowledge and; therefore, denies same and demand strict proof thereof.

3. Costco admits the allegations in paragraphs 3 of Plaintiff's Complaint.

4. As to the allegations in paragraph 4, Costco admits it operated, controlled, and maintained a Costco Wholesale Store located at 14800 Sole Mia Way, North Miami, FL 33181. Costco denies all remaining allegations and demands strict proof thereof.

1

CASE NO. 2021-21007-CA-01

## **AFFIRMATIVE DEFENSES**

5.   Costco affirmatively alleges Plaintiff was negligent, which was a legal cause of Plaintiff's own losses, injuries or damages, and Plaintiff's negligence bars recovery, or, in the alternative, reduces any recovery in accordance with the principles of comparative negligence.

6.   Costco affirmatively alleges this action is controlled by section 768.0755, Florida Statutes, and Costco is entitled to all rights, remedies, and prescriptions set forth therein.

7.   Costco affirmatively alleges Costco did not have actual or constructive knowledge of the alleged dangerous condition or defect and, therefore, Costco is not liable for Plaintiff's losses, injuries, or damages.

8.   Costco affirmatively alleges the alleged dangerous condition or defect was known or open and obvious to Plaintiff and, therefore, Costco is not liable for Plaintiff's losses, injuries, or damages.

9.   Costco affirmatively alleges Plaintiff knew, or in the exercise of reasonable care should have known, of the alleged dangerous condition and voluntarily chose to remain exposed to, or assumed the risk associated with the alleged dangerous condition and therefore, Costco is not liable for Plaintiff's losses, injuries, or damages.

10. Costco affirmatively alleges Plaintiff failed to observe and follow warnings or instructions regarding the alleged dangerous condition and, therefore, Costco is not liable for Plaintiff's losses, injuries, or damages.

CASE NO. 2021-21007-CA-01

11. Costco affirmatively alleges, pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993) and *Nash v. Wells Fargo Guard Services, Inc.*, 678 So. 2d 1262 (Fla. 1996), Plaintiff's losses, injuries, or damages were caused by a third party that was not within Costco's care, custody, or control and, therefore, Costco is not liable for the third party's negligence.

12. Costco affirmatively alleges Costco's negligence, if any, was not the legal cause of the Plaintiff's losses, injuries, or damages.

13. Costco affirmatively alleges Plaintiff's losses, injuries, or damages were caused by an intervening and superseding cause.

14. Costco affirmatively alleges Plaintiff failed to mitigate damages and therefore, Plaintiff is not entitled to recover damages that could have been mitigated.

15. Costco affirmatively alleges Plaintiff's medical expenses incurred are unrelated, exaggerated, and unreasonable.

16. Costco affirmatively alleges Plaintiff's claim for loss of earnings and impairment of earning capacity claims are unrelated, exaggerated, and unreasonable.

17. Costco affirmatively alleges Plaintiff received, or was entitled to, collateral source benefits and, pursuant to section 768.76, Florida Statutes, Costco is entitled to a setoff to the extent of the value of all collateral source benefits paid, or payable, to or on behalf of Plaintiff.

18. Costco affirmatively alleges Plaintiff's medical expenses incurred are limited to the amount paid or owed to Plaintiff's health care provider and not the amount charged by the healthcare provider.

CASE NO. 2021-21007-CA-01

## DEMAND FOR JURY TRIAL

COSTCO WHOLESALE CORPORATION demands a trial by jury of all issues so triable as of right by a jury.

## DEFENDANT, COSTCO WHOLESALE CORPORATION'S, MOTION TO STRIKE PLAINTIFF'S MODE OF OPERATION ALLEGATIONS IN PARAGRAPH 9 OF PLAINTIFF'S COMPLAINT

Defendant, COSTCO WHOLESALE CORPORATION ("Costco"), by and through its undersigned attorney, moves this Honorable Court for an entry of an Order striking Plaintiff's Mode of Operation allegations listed in Paragraph 9 (a)–(f) of the Plaintiff's Complaint and as grounds therefore states as follows:

## PROCEDURAL BACKGROUND

1. This is a negligence action wherein Plaintiff alleges that she slipped and fell on a "slipper substance" on the floor while on Defendant's property on August 28, 2020. As such, Plaintiff's negligence claim is governed by section 768.0755, Florida Statutes (2010).[1]

2. Paragraph 9 of Plaintiff's Complaint alleges, among other things, that Costco negligently failed to maintain, failed to inspect, failed to take proper precautions, and failed to warn of the negligent mode of operation. *See Plaintiff's Complaint* ¶ 9.

3. Costco moves to strike Plaintiff's Mode of Operation allegations listed in Paragraph 9, as the particular allegations are immaterial and impertinent as set forth in Rule 1.140, Florida Rules of Civil Procedure and related authority.

---

[1] The law therefore requires the Plaintiff to prove, as part of her *prima facie* case, that the defendant had actual or constructive knowledge of the dangerous condition and that the defendant had the opportunity to take action to remedy the dangerous condition. *See* Fla. Stat. §768.0755 (emphasis added).

CASE NO. 2021-21007-CA-01

4. All of Plaintiff's Mode of Operation allegations should be stricken as the negligent mode of operation theory has been abrogated by the enactment of section 768.0755, Florida Statutes.

I. **Section 768.0755, Florida Statutes, Abolishes the Cause of Action for Negligent Mode of Operation**

Plaintiff has improperly alleged a "mode of operation" argument which was abrogated by the enactment of section 768.0755, Florida Statutes. In Florida, the "negligent mode of operation" rule was first developed through common law and later codified by the Legislature in 2002 with the enactment of Section 768.0710(2), which utilized the phrase "reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premise" when describing possible ways that a premise owner could potentially face in negligence actions involving transitory foreign substances.[2] However, on July 1, 2010, section 768.0755, Florida Statutes, was enacted and became the new standard in Florida regarding a plaintiff's burden of proof in slip and fall cases involving foreign transitory substances. In enacting section 768.0755, Florida Statutes, the Legislature did two things: (1) it repealed Section 768.0710 and (2) it established a new burden of proof in slip and fall cases. Relevant portion of section 768.0755 reads:

 (1)  If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had *actual or constructive* knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
(a)  The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or

---

[2] A "transitory foreign substance" has been defined by the Florida Supreme Court as "any liquid or solid substance, item, or object located where it does not belong."  *Owens v. Publix Supermarkets, Inc.*, 802 So.2d 315, 317 (Fla. 2011).

CASE NO. 2021-21007-CA-01

(b)    The condition occurred with regularity and was therefore foreseeable.

Under this current statutory scheme, a person who slips and falls on a foreign transitory substance in a business establishment "must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Moreover, under the current statutory scheme, the Legislature omitted the phrase "reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premise" from the statute entirely. *Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418 (Fla. 4th DCA 2014). The Florida's Fourth District Court of Appeal directly confronted the issue and provided some insightful precedent in *Pembroke Lakes Mall, Ltd. v. McGruder*, 137 So. 3d 418 (Fla. 4th DCA 2014). Comparing the language of Florida's 2002 and 2010 premises liability statutes, the Fourth District noted that the 2002 version allowed a plaintiff to succeed in a slip-and-fall case by showing the business acted negligently in its mode of operation. Proof of actual or constructive notice of a specific condition was not required. The 2010 statute, on the other hand, "does not contain any language regarding the owner's negligent maintenance, inspection, repair, warning, or mode of operation." Because the 2010 statute explicitly requires proof of actual or constructive notice and the language regarding mode of operation has been removed, the Fourth District concluded that the same prevailing plaintiff under the 2002 statute would be unable to assert a cause of action based on negligent mode of operation under the 2010 statute.

Under the old statute, a plaintiff could succeed in a slip and fall case by showing "the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises," without showing the business had actual or constructive knowledge of the transitory foreign substance. Under the new

- 6 -

statute, however, the same plaintiff would be unable to successfully assert such a cause of action, no matter how persuasive or compelling the evidence the plaintiff had in support of the claim.

In April 2015, the United States District Court for the Middle District of Florida evaluated the continued viability of the negligent mode of operation rule following the Legislature's enactment of Section 768.0755. *See Woodman v. Bravo Brio Restaurant Group*, Inc., 6:14-cv-2025-Orl-40TBS; 2015 WL 1836941 (M.D. Fla. Apr. 21, 2015) (applying Florida substantive law). Specifically, in *Woodman*, the Defendant filed a Motion to Strike a count in Plaintiff's Complaint for negligent mode of operation on the grounds that the theory no longer served as a basis for liability in slip and fall cases given the requirement in Section 768.0755 that Plaintiffs prove actual or constructive knowledge. After conducting a detailed analysis of the statute, as compared with its repealed counterpart, and implementing various canons of statutory construction, the *Woodman* Court concluded that "[s]ection 768.0755 has clearly eliminated the mode of operation theory as a basis for recovery in slip-and-fall cases and Plaintiff may not pursue her claim on this basis." *Woodman*, 2015 WL 1836941 at *3. The *Woodman* Court recognized that the plain language of subsection (1) requires, without exception, proof of actual or constructive knowledge as a necessary element of a slip and fall claim. *Id.* at *2 (citing *Pembroke Lakes Mall Ltd. v. McGruder*, 137 So.3d 418 (Fla. 4th DCA 2014) (explaining how this section reinserts the knowledge element into slip and fall claims)). This, coupled with the fact that the term "mode of operation" has now been excluded from Section 768.0755, makes it apparent that the Legislature must have intended to preclude Plaintiffs from invoking the mode of operation theory in slip and fall cases. *Id.* at *2-3.

CASE NO. 2021-21007-CA-01

In *Sanchez v, ERMC v. America, LLC*, the United States District Court for the Middle District of Florida once again reached the identical conclusion reached in *Woodman* when asked to consider whether a plaintiff's negligent mode of operation claim could survive a motion to dismiss. *Sanchez v. ERMC v. America, LLC*, 2:16-cv-851-FtM-99CM, 2017 WL 417129 (M.D. Fla. Jan. 31, 2017) (applying Florida substantive law). In *Sanchez*, the plaintiff brought a premises liability action against the owner and operator of a mall for negligence arising out of a slip and fall incident that occurred near the entrance to one of the mall's stores. The plaintiff alleged that she slipped and fell on a "slippery substance," sustaining serious injury. *Id.* at *1.   The defendant moved to dismiss Counts II and IV of the Amended Complaint. *Id.*   The defendants argued that section 768.0755 eliminates the mode of operation theory, the plaintiff argued that the statute preserved the cause of action. *Id.* at *4.   In rejecting the plaintiff's position, and granting the defendant's motion to dismiss Counts II and IV of the Amended Complaint, the *Sanchez* Court concluded that the negligent mode of operation theory has been abrogated:

> The Court agrees that the plain language of subsection (1) requires proof of actual or constructive knowledge of the transitory foreign substance. In enacting Fla. Stat. §768.0755, the Florida legislature specifically repealed the language of Fla. Stat. 768.0710, which had allowed a plaintiff to establish a claim for relief by showing a negligent mode of operation without the showing of actual or constructive knowledge. In interpreting §768.0755, this Court must "strive to effectuate the legislature's intent" beginning with the plain language of the statute. Plaintiff's argument that her negligent mode of operation claim survives under subsection (2) of the statute is not supported. The statute eliminated a statutory cause of action, but preserved only common law claims.

*Id*.

The legislature's decision to omit the "mode of operation language" is indicative that the legislature intent was to preclude plaintiffs from invoking the mode of operation theory in slip-and-fall cases arising in business premises. The basic canons of statutory construction lend further

support to this line of reasoning. *See Capella v. City of Gainesville*, 377 So. 2d 658, 660 (Fla. 1979).  In *Capella*, the Florida Supreme Court considered the effect of the Legislature's decision to omit certain language from revised legislation, and relied on the canon that, "[w]hen the legislature amends a statute by omitting words, we presume it intends the statute to have a different meaning than that accorded it before the amendment." *Id*. (internal citations omitted).

Similarly, in *McGruder*, *supra*, the Florida Fourth District Court of Appeal, after directly comparing the language of both the 2002 and 2010 premises liability statutes, pointed out how, unlike its predecessor, the current statute "does not contain any language regarding the owner's negligent maintenance, inspection, repair, warning, or mode of operation." *McGruder*, 137 So.2d at 424.  Because the current statute explicitly requires proof of actual or constructive notice, and the language regarding mode of operation has been removed, the *McGruder* Court noted that the same plaintiff would not be able to assert a cause of action based on negligent mode of operation under section 768.0755. *Id*. at 426.

Consequently, Section. 768.0755 requires the Plaintiff to prove that Costco had actual or constructive notice of the transitory foreign substance and should have taken action to correct it. Moreover, Section 768.0755 precludes Plaintiff from attempting to establish liability by demonstrating that Costco's mode of operation of the premises was negligent. Plaintiff is attempting to revert back to the previous standard in Section 768.0710(2)(2002), which the Fourth District Court of Appeals as well as a federal court applying Florida substantive law have rejected time and time again.

CASE NO. 2021-21007-CA-01

**WHEREFORE,** Defendant, COSTCO WHOLESALE CORPORATION, respectfully request that this Honorable Court strike any and all mode of operation allegations from the Plaintiff's Complaint and for all other relief this court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: William R. Jones III, Esquire, randy@wrjoneslaw.com on **October 13, 2021**.

*/s/ Jaime J. Baca*
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for Costco Wholesale Corporation
2800 Ponce de Leon Boulevard
Suite 800
Coral Gables, FL  33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com

102807-12

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

OFELIA BARILLAS and EDGAR
BARILLAS, her husband,

        Plaintiffs,

v.

COSTCO WHOLESALE
CORPORATION,

        Defendant.

_____/

CIRCUIT CIVIL DIVISION

CASE NO. 2021-21007-CA-01

## **DEFENDANT'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, COSTCO WHOLESALE CORPORATION ("Costco"), by and through the undersigned counsel and pursuant to Fla. R. Civ. P. 1.140(b), hereby files this Motion to Dismiss Count II of Plaintiff's Complaint, and in support thereof states as follows:

1.      This is a premises liability action arising from an alleged slip and fall on a "slippery substance" at the Costco warehouse located at 14800 Sole Mia Way, Miami, Florida, 33181 on or about August 28, 2020. *See Plaintiff's Complaint, attached hereto as Exhibit "A."*

2.      Prior to the date of the loss, the Florida Legislature enacted section 768.0755, Florida Statutes, effective July 1, 2010, and addressed the burden of proof in slip and fall cases involving transitory foreign substances.

3.      Pursuant to section 768.0755, Florida statutes, a plaintiff is required to prove that the business establishment had actual or constructive knowledge of the transitory foreign substance and should have taken action to correct it. Section 768.0755 precludes a Plaintiff from attempting

CASE NO. 2021-21007-CA-01

to establish liability by demonstrating the business establishment's mode of operation on the premises was negligent.

4.      Count II of Plaintiff's Complaint impermissibly seek to establish liability by demonstrating that Defendant's mode of operation of the premises was negligent.

*5.*      Specifically, Count II of Plaintiff's Complaint, labeled "Negligent Mode of Operation Claim against Defendant" makes allegations that would go to a negligent mode of operation claim. *See Exhibit "A", Plaintiff's Complaint ¶ 12-15.*

6.       "A motion to dismiss a complaint is solely to determine whether the complaint has alleged a cause of action upon which relief can be granted." *Gamma Dev. Corp. v. Steinberg*, 621 So. 2d 718, 719 (Fla. 4th DCA 1993) (internal citations omitted).

7.      Plaintiff is alleging that Defendant's entire mode of operation in its premises was negligent. Plaintiff's allegations that Defendant failed to have policies, procedures and protocol to reduce the risk of foreign substances being spilled on the ground on a regular basis impermissibly alleges a mode of operation theory no longer recognized under Florida law. *See Exhibit "A".*

8.      As provided below, Count II of Plaintiff's Complaint must be dismissed given it argues a negligent mode of operation cause of theory that is not viable under Florida law.

9.      Thus, the claims in the Complaint fail to state a cause of action as it seeks to recover damages on a basis that is simply not permitted by Florida Statute or case law and as such, must be dismissed.

CASE NO. 2021-21007-CA-01

### MEMORANDUM OF LAW

I.   **NEGLIGENT MODE OF OPERATION IS NOT A VIABLE CAUSE OF ACTION IN FLORIDA.**

Negligent mode of operation is no longer a viable theory of recovery in slip-and-fall cases involving transitory foreign substances. *See e.g., Woodman v. Bravo Brio Restaurant Group Inc.*, 2015 WL 1836941 (M.D. Fla. 2015) (applying Florida law) ("**Section 768.0755 has clearly eliminated the mode of operation theory as a basis for recovery in slip-and-fall cases and Plaintiff may not pursue her claim on this basis**.") (emphasis added); *Kenz v. Miami-Dade County*, 116 So. 3d 461, 463 (Fla. 3d DCA 2013) ("Section 768.0755 effectively returned Florida law to its pre-*Owens* status, and provides that a person who slips and falls on a transitory foreign substance in a business establishment 'must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it.' § 768.0755(1), Fla. Stat. (2010)."); *Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418, 426 (Fla. 4th DCA 2014) (concluding section 768.07555 "reinserts the pre-*Owens* knowledge element into slip and fall claims."); *Guevara v. Winn-Dixie Stores, Inc.*, 268 So. 3d 710 (Fla. 4th DCA 2019) (affirming trial court Order granting final summary judgment on the grounds that the negligent mode of operation theory is no longer a viable method to establish actual or constructive knowledge of a dangerous condition); *Maltese v. Burlington Coat Factory Direct Corp.*, 2019 WL 5391392 at *2 (M.D.Fla. 2019) ("Florida moved away from negligent mode of operation liability in this context several years ago.").

CASE NO. 2021-21007-CA-01

Section 768.0755, Florida Statutes, became effective on July 1, 2010, and it eliminated the negligent mode of operation theory that once existed under the old statutory scheme. Section 768.0710—which was repealed and replaced by section 768.0755 in 2010—provided:

> (1) The person or entity in possession or control of business premises owes a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises, which includes reasonable efforts to keep the premises free from **transitory foreign objects or substances** that might foreseeably give rise to loss, injury, or damage.
>
> (2) In any civil action for negligence involving loss, injury, or damage to a business invitee as a result of a transitory foreign object or substance on business premises, the claimant shall have the burden of proving that:
>
> (a) The person or entity in possession or control of the business premises owed a duty to the claimant;
>
> (b) The person or entity in possession or control of the business premises acted negligently by failing to exercise reasonable care in the **maintenance, inspection, repair, warning, or <u>mode of operation</u>** of the business premises. **Actual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim.** However, evidence of notice or lack of notice offered by any party may be considered together with all of the evidence; and
>
> (c) The failure to exercise reasonable care was a legal cause of the loss, injury, or damage.

§ 768.0710, Fla. Stat. (2009) (emphasis added).

The Court in *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 332 (Fla. 2001) explained the negligent mode of operation theory that previously existed: "If the evidence establishes a specific negligent mode of operation such that the premises owner could reasonably *anticipate* that dangerous conditions would arise as a result of its mode of operation, then whether the owner had actual or constructive knowledge of the specific transitory foreign substance is not an issue.  The dispositive issue is whether the specific method of operation was negligent and

whether the accident occurred as a result of that negligence." *Id.* "[T]he basis for the negligent mode of operation theory is the claim that the specific mode of operation selected by the premises owner or operator resulted in the *creation* of a dangerous or unsafe condition." *Markowitz v. Helen Homes of Kendall Corp.*, 826 So. 2d 256, 260 (Fla. 2002).

In 2010, the legislature repealed section 768.0710 and replaced it with section 768.0755, entitled "Premises liability for transitory foreign substances in a business establishment." It provides:

> (1) If a person slips and falls on a **transitory foreign substance** in a business establishment, **the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition** and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
>
> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
> (b) The condition occurred with regularity and was therefore foreseeable.
>
> (2) This section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises.

§ 768.0755, Fla. Stat. (emphasis added). Noticeably, the new statute does not contain any language regarding the owner's negligent maintenance, inspection, repair, warning, or **mode of operation**. *See McGruder*, 137 So. 3d at 424 ("[T]he new statute does not contain any language regarding the owner's negligent maintenance, inspection, repair, warning, or mode of operation."). The legislature deliberately omitted from the new statute the mode of operation theory it previously included in repealed section 768.0710. *See* § 768.0710(2)(b), Fla. Stat. (2009); *Sanchez v. ERMC of Am., LLC*, 2017 WL 417129 (M.D.Fla. 2017) (granting motion to dismiss negligent mode of

CASE NO. 2021-21007-CA-01

operation claim as "the Florida legislature specifically repealed the language of Fla. Stat. 768.0710, which had allowed a plaintiff to establish a claim for relief by showing a negligent mode of operation without the showing of actual or constructive knowledge.").

As explained by the Fourth District Court of Appeal in *McGruder*, a plaintiff is no longer able to assert a cause of action for negligent mode of operation no matter how persuasive or compelling the evidence as the current section 768.0755 requires the plaintiff to prove actual or constructive knowledge of the dangerous condition:

> "The shift from 768.0710 to 768.0755 was far more than a simple procedural change to the burden of proof. Under the 2002 statute, a plaintiff could succeed in a slip and fall case by showing "the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or **mode of operation** of the business premises," without showing the business had actual or constructive knowledge of the transitory foreign substance. Under the 2010 statute, however, **the same plaintiff would be unable to successfully assert such a cause of action, no matter how persuasive or compelling the evidence** the plaintiff had in support of the claim." *McGruder*, 137 So. 3d at 426 (emphasis added).

With the enactment of section 768.0755, the Plaintiff *must* prove that the establishment had actual or constructive knowledge of the dangerous condition in *every* slip and fall case involving a transitory foreign substance. There are no exceptions to this burden of proof. The legislature indicated that proof of constructive knowledge can be established in one of *two* ways: either the condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition, or it occurred with regularity (and was therefore foreseeable). No other method of proof is enumerated. *See* Fla. Stat. § 768.0755.

By requiring that a plaintiff prove actual or constructive knowledge in *every* case, by necessity a plaintiff can no longer rely on the mode of operation theory, because the mode of operation theory was previously independent of the premises owner's knowledge. *See Owens*, 802

CASE NO. 2021-21007-CA-01

So. 2d at 332 (observing the owner's actual or constructive knowledge of the transitory foreign substance is not an issue in negligent mode of operation cases); *see also LaPosa v. Wal-Mart Stores East, L.P.*, 2019 WL 2537790 (M.D.Fla. 2019) (interpreting current section 768.0755 to effectuate the legislature's intent that proof of actual or constructive knowledge is an element of a slip and fall case, replacing proof by negligent mode of operation); *Publix Supermarkets, Inc. v. Santos*, 118 So.3d 317 (Fla. 3d DCA 2013) (holding discovery of incident reports as to all of Publix's stores statewide to establish mode of operation was irrelevant to plaintiff's burden of proving defendant's actual or constructive knowledge under the applicable statute, section 768.0755).

The legislature's inclusion of two theories of proof (actual or constructive knowledge) to the exclusion and omission of any other theory of proof in section 768.0755 (especially the mode of operation theory), indicates that the legislature intended to limit the methods of proof to those specifically set forth in the statute. The legislature's exclusion of other methods is indicative of its intent to limit proof to the two articulated bases. *See Pro-Art Dental Lab, Inc. v. V-Strategic Group, LLC*, 986 So. 2d 1244, 1258 (Fla. 2008) (construing statutory provision that provided for one remedy but not another, the Court held, "Under the canon of statutory construction *expression unius est exclusion alterius*, the mention of one thing implies the exclusion of another."); *see also Santos*, 118 So.3d at 320 (recognizing the use of new terms in the current section 768.0755 instead of the terms in the repealed section 768.0710 "evidences the legislature's intent to reject the previous language in the repealed section" and holding discovery of prior accidents at kiosks located in other Publix stores statewide pursuant to the negligent mode of operation theory "are no longer proper.").

Consequently, the Florida Legislature has made clear in section 768.0755 that liability for transitory foreign substances must be premised upon actual or constructive knowledge of the dangerous condition. *Caldwell v. Johnson Controls Sec. Sols. LLC*, 2019 WL 2247542 at *4 (S.D.Fla. 2019). Section 768.0755 requires the Plaintiff to prove in this case that the Defendant had actual or constructive knowledge of the transitory foreign substance and should have taken action to correct it. Section 768.0755 precludes the Plaintiff from attempting to establish liability by demonstrating that the Defendant's mode of operation of the premises was negligent.

Here, Count II of Plaintiff's Complaint alleges that Defendant's entire mode of operation in maintaining its premises was negligent. Specifically, Plaintiff alleges Costco was negligent in its mode of operation by failing to take proper precautions and failing to set policies and procedures to reduce the risk of foreign substances being spilled. As such, Count II of Plaintiff's Complaint alleges a negligent mode of operation theory that is not viable under Florida Law and thus, must be dismissed. *See Khorran v. Harbor Freight Tools USA, Inc.*, 251 So.3d 962, 966 (Fla. 3d DCA 2018); *see also Woodman*, 2015 WL 1836941 at *3 (applying Florida law) (striking allegations of negligent mode of operation from plaintiff's complaint as the amended statute, section 768.0755, requires proof of actual or constructive knowledge); *Kohli v. Pembroke Lakes Mall, LLC*, 2017 WL 4863089 (S.D.Fla. 2017) (same); *LaPosa*, 2019 WL 2537790 at *3 (granting defendant's motion to strike any references in the Amended Complaint to negligent mode of operation); *Caldwell v. Johnson Controls Sec. Sols. LLC*, 2019 WL 2247541 (S.D.Fla. 2019) (striking negligent mode of operation allegations in the complaint that "by failing to have reasonable policies, procedures, and a mode of operation in place to inspect and maintain the dressing rooms

in order to remove the nails for unsuspecting customers"); *Petigny v. Wal-Mart Stores E., L.P.*, 2018 WL 5983506 (S.D.Fla. 2018) (dismissing negligent mode of operation claim).

Plaintiff will likely argue that Count II of the Complaint is permissible under subsection (2) of section 768.0755, Florida Statutes, which states "[t]his section does affect any common-law duty of care owed by a person or entity in possession or control of a business premises." However, that issue was addressed in *Woodman*. *See Woodman*, 2015 WL 1836941.

In *Woodman*, the Court, applying Florida law, found as follows:

> Plaintiff's argument that her negligent mode of operation claim survives because it arises under the common law and § 768.0755 "does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises" lacks merit. § 768.0755(2). If, as Plaintiff urges, subsection (2) of the statute is construed to allow claims based on mode of operation theory that would effectively read subsection (1) out of the statute. "[A] basic rule of statutory construction provides that the Legislature does not intend to enact useless provisions, and courts should avoid readings that would render part of a statute meaningless." *State v. Goode*, 830 So. 2d 817, 824 (Fla.2002). Rather than reading subsection (2) to effectively repeal subsection (1), the Court concludes that subsection (2) means that the duty owed by premises owners to invitees is the same as it has always been under Florida law: "to exercise reasonable care to maintain their premises in a safe condition." *Owens*, 802 So.2d at 320.

*Woodman v. Bravo Brio Rest. Grp., Inc., No.* 2015 WL 1836941 at *2.

Therefore, Count II of Plaintiff's Complaint alleging a negligent mode of operation theory is no longer a viable cause of action under Florida Law and as such, Count II fails to state a cause of action upon which relief may be granted. Thus, Count II of Plaintiff's Complaint must be dismissed.

WHEREFORE, the Defendant, COSTCO WHOLESALE CORPORATION, respectfully requests that this Honorable Court enter an Order dismissing Count II of Plaintiff's Complaint and any other relief this Court deems just and proper.

CASE NO. 2021-21007-CA-01

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: William R. Jones III, Esquire, randy@wrjoneslaw.com on **October 13, 2021**.

/s/ Jaime J. Baca
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for Costco Wholesale Corporation
2800 Ponce de Leon Boulevard
Suite 800
Coral Gables, FL  33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO.

OFELIA BARILLAS and EDGAR BARILLAS,
her husband

      Plaintiffs,

vs.

COSTCO WHOLESALE CORPORATION,

      Defendant.

_____/

## COMPLAINT

COME NOW Plaintiffs, OFELIA BARILLAS and EDGAR BARILLAS her husband, by and

through their undersigned attorney, sue the Defendant, COSTCO WHOLESALE CORPORATION

and states as follows:

    1.     This is an action for damages in excess of $30,000 exclusive of interest and costs.

    2.     That at all times material to this action the Plaintiffs were husband and wife and

residents of Miami-Dade County, Florida.

    3.     That at all times material to this action the Defendant, COSTCO WHOLESALE

CORPORATION was and is a foreign Corporation licensed to and doing business in Miami-Dade

County, Florida (hereinafter referred to as "COSTCO").

    4.     That at all times material to this action the Defendant COSTCO did

own and/or operate and/or control and/or maintain a COSTCO Wholesale Store located at 14800 Sole

Mia Way, North Miami, FL 33181.

EXHIBIT "A"

5.      That at all times material to this action the Defendant COSTCO was open to the public and Plaintiff was a business invitee.

6.      That on or about August 28, 2020 the Plaintiff, Ofelia Barillas went to COSTCO shopping and she was caused to slip and fall on a slippery substance due to the negligent ownership and/or maintenance and/or control and/or mode of operation of Defendant COSTCO, sustaining serious injuries as more fully described below.

7.      That at all times material to this action the Defendant knew or should have known of the slippery foreign substance and/or created and/or caused and/or allowed the condition to occur with regularity.

## COUNT I - NEGLIGENCE CLAIM AGAINST DEFENDANT, COSTCO

Plaintiffs re-affirm and re-allege paragraphs 1-7 and further states as follows:

8.      That at all times material do this action, the Defendant COSTCO was under a duty to take reasonable care to make safe and/or warn the Plaintiff of the presence of any condition on the Defendant's premises that the Defendant knew or in the exercise of reasonable care, should have known existed and the Defendant realized or should have realized, involved an unreasonable risk of harm to the Plaintiff and that the Defendant knew, or in the exercise of reasonable care, should have known was unknown to or unlikely to be discovered by the Plaintiff.

9.      That the Defendant breached said duty owed by them to the Plaintiff and was guilty by negligence of one or more of the following acts:

  a.    negligent, careless and improper failure to maintain the premises in a reasonably safe condition;

  b.    negligent, careless and improper failure to inspect the premises in a reasonably safe condition;

  c.    negligent, careless and improper failure to maintain and/or clean up in the

area where Plaintiff fell when they were aware this was high traffic area;

  d.  negligent, careless and improper failure to take proper precautions to protect the area and to prevent slippery conditions from occurring;

  e.  negligent, careless and improper failure to recognize that the area where Plaintiff fell was area that had foreign substance on floor on regular basis and to take proper precautions;

  f.  negligent, careless and improper failure to warn the Plaintiff of the negligent ownership and/or maintenance and control and/or mode of operation;

10.  That as a direct and proximate result of the negligence of the Defendant, the Plaintiff OFELIA Barillas demands money damages for the following elements of past, present and future damages:

  a.  disability, discomfort, disfigurement and inability to lead a normal life;
  b.  physical and mental pain and suffering;
  c.  medical and related expenses;
  d.  loss of earning and earning capacity;
  e.  aggravation of a pre-existing condition;
  f.  significant cosmetic scarring;

11.  That as a direct and proximate result of the aforementioned negligence of the Plaintiff EDGAR BARILLAS, has in the past and will in the future, be jointly obligated for medical and related expenses and will be forced to render to his wife, nursing, support, services, and suffer a loss of companionship, society, support, services and consortium, all of which are to be continuing and permanent in nature.

  WHEREFORE, Plaintiffs sue the Defendant and demand money damages in excess of $30,000.00 and demand trial by jury on all issues so triable as a right.

## COUNT II - NEGLIGENT MODE OF OPERATION CLAIM AGAINST DEFENDANT

  Plaintiffs re-affirm and re-allege paragraphs 1-7 and further states as follows:

12.  That at all times material do this action, the Defendant COSTCO was under a

duty to take reasonable care to make safe and/or warn the Plaintiff of the presence of any activity or condition on the Defendant's premises that the Defendant knew or in the exercise of reasonable care, should have known existed and the Defendant realized or should have realized, involved an unreasonable risk of harm to the Plaintiff and that the Defendant knew, or in the exercise of reasonable care, should have known was unknown to or unlikely to be discovered by the Plaintiff.

13.    That the Defendant COSTCO breached its duty to the Plaintiff and was negligent in their mode of operation by one or more of the following acts:

    a.    negligent, careless and improper failure to maintain the area where Plaintiff fell;

    b.    negligent, careless and improper failure to take proper precautions to reduce or eliminate a risk of foreign substance on ground in area where Plaintiff fell;

    c.    negligent, careless and improper failure to set policies, procedures and protocol to reduce the risk of foreign substances being spilled on the ground on a regular basis;

    d.    negligent, careless and improper failure to warn the Plaintiff of the negligent ownership and/or maintenance and control and/or mode of operation;

14.    That as a direct and proximate result of the negligence of the Defendant, the Plaintiff OFELIA Barillas demands money damages for the following elements of past, present and future damages:

    a.    disability, discomfort, disfigurement and inability to lead a normal life;
    b.    physical and mental pain and suffering;
    c.    medical and related expenses;
    d.    loss of earning and earning capacity;
    e.    aggravation of a pre-existing condition;
    f.    significant cosmetic scarring;

15.    That as a direct and proximate result of the aforementioned negligence of the Plaintiff EDGAR BARILLAS, has in the past and will in the future, be jointly obligated for medical and related expenses and will be forced to render to his wife, nursing, support, services, and suffer

a loss of companionship, society, support, services and consortium, all of which are to be continuing and permanent in nature.

WHEREFORE, Plaintiffs sue the Defendant and demand money damages in excess of $30,000.00 and demand trial by jury on all issues so triable as a right.

## NOTICE OF COMPLIANCE WITH RULE 2.516
## AND DESIGNATION OF E-MAIL ADDRESS

COMES NOW the Law Office of William R. Jones, III, and hereby gives notice of compliance with Rule 2.516 of the Florida Rules of Judicial Administration and designates the following e-mail address to be used for Electronic Service of all pleadings and correspondence.

Randy@wrjoneslaw.com

Dated **September 13, 2021.**

**LAW OFFICES OF WILLIAM R. JONES, III**

By: _**S:William R. Jones, III**_
WILLIAM R. JONES, III, ESQ.
9100 S. Dadeland Blvd., Suite 1702
Miami, FL 33156
(305) 670-9004
(305) 670-0015 - fax
Fla. Bar No. 372293
For Electronic Service:
Randy@wrjoneslaw.com
***Counsel for the Plaintiffs***

Also attached:
Notice of Taking Depositions Duces Tecum of Defendant
First Request for Production to Defendant
First Set of Initial Interrogatories to Defendant

102807-12

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

OFELIA BARILLAS and EDGAR
BARILLAS, her husband,

     Plaintiffs,

v.

COSTCO WHOLESALE
CORPORATION,

     Defendant.

CIRCUIT CIVIL DIVISION

CASE NO. 2021-21007-CA-01

_____/

### DEFENDANT'S DESIGNATION OF E-MAIL ADDRESSES PURSUANT TO RULE 2.516

     Attorneys for Defendant, COSTCO WHOLESALE CORPORATION, hereby designate, pursuant to Rule 2.516, the following e-mail addresses for the purpose of service of all documents required to be served pursuant to Rule 2.516 in this proceeding:

     **Primary E-Mail Address:**   miacrtpleadings@wickersmith.com**
     **\*\*THIS EMAIL ADDRESS IS FOR SERVICE OF PLEADINGS <u>ONLY</u>**

     **Secondary E-Mail Address:**   jbaca@wickersmith.com
     **Additional E-Mail Address:**   jperez1@wickersmith.com

     WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: William R. Jones III, Esquire, randy@wrjoneslaw.com on **October 13, 2021**.

                          */s/ Jaime J. Baca*
                          Jaime J. Baca, Esquire
                          Florida Bar No. 113859
                          WICKER SMITH O'HARA MCCOY & FORD, P.A.
                          Attorneys for Defendant
                          2800 Ponce de Leon Boulevard, Suite 800
                          Coral Gables, FL  33134
                          Phone: (305) 448-3939
                          Fax: (305) 441-1745
                          miacrtpleadings@wickersmith.com

Case 1:21-cv-23617-RKA   Document 1-2   Entered on FLSD Docket 10/14/2021   Page 42 of 50

102807-12

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

OFELIA BARILLAS and EDGAR
BARILLAS, her husband,

CIRCUIT CIVIL DIVISION

CASE NO. 2021-21007-CA-01

Plaintiffs,

v.

COSTCO WHOLESALE
CORPORATION,

Defendant.

_____/

### DEFENDANT'S NOTICE OF SERVING INTERROGATORIES TO PLAINTIFF, OFELIA BARILLAS

Defendant, COSTCO WHOLESALE CORPORATION, propounds Slip & Fall

Interrogatories and Healthcare Interrogatories to Plaintiff, OFELIA BARILLAS, to be responded

to within the time and manner prescribed by Florida Rule of Civil Procedure 1.340.

WE HEREBY CERTIFY that the signed original of this facesheet has been electronically
served via Florida ePortal, and that an original of the interrogatories along with a copy of this
facesheet have been furnished to William R. Jones III, Esquire, randy@wrjoneslaw.com; by e-
mail on **October 13, 2021**.

/s/ Jaime J. Baca
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for COSTCO WHOLESALE
CORPORATION
2800 Ponce de Leon Boulevard, Suite 800
Coral Gables, FL 33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com

102807-12

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

OFELIA BARILLAS and EDGAR
BARILLAS, her husband,

        Plaintiffs,

v.

COSTCO WHOLESALE
CORPORATION,

        Defendant.

CIRCUIT CIVIL DIVISION

CASE NO. 2021-21007-CA-01

_____/

## DEFENDANT'S NOTICE OF SERVING INTERROGATORIES
## TO PLAINTIFF, EDGAR BARILLAS

Defendant, COSTCO WHOLESALE CORPORATION, propounds Consortium
Interrogatories to Plaintiff, EDGAR BARILLAS, to be responded to within the time and manner
prescribed by Florida Rule of Civil Procedure 1.340.

    WE HEREBY CERTIFY that the signed original of this facesheet has been electronically
served via Florida ePortal, and that an original of the interrogatories along with a copy of this
facesheet have been furnished to William R. Jones III, Esquire, randy@wrjoneslaw.com; by e-
mail on **October 13, 2021**.

                  */s/ Jaime J. Baca*
                  Jaime J. Baca, Esquire
                  Florida Bar No. 113859
                  WICKER SMITH O'HARA MCCOY & FORD, P.A.
                  Attorneys for COSTCO WHOLESALE
                  CORPORATION
                  2800 Ponce de Leon Boulevard, Suite 800
                  Coral Gables, FL  33134
                  Phone: (305) 448-3939
                  Fax: (305) 441-1745
                  miacrtpleadings@wickersmith.com

102807-12

|  | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
|---|---|

OFELIA BARILLAS and EDGAR
BARILLAS, her husband,

      Plaintiffs,

v.

COSTCO WHOLESALE
CORPORATION,

      Defendant.

CIRCUIT CIVIL DIVISION

CASE NO. 2021-21007-CA-01

_____/

### **DEFENDANT'S REQUEST FOR PRODUCTION**

PURSUANT to Rule 1.350, Fla. R. Civ. P., the Plaintiffs, OFELIA BARILLAS and

EDGAR BARILLAS, her husband, are hereby requested to produce to the Defendant, COSTCO

WHOLESALE CORPORATION, in the time required by Rule 1.350, at the offices of the

undersigned counsel, the following:

1. Federal Income Tax Returns and W-2 Forms for the past five years including individual and joint tax returns.

2. Federal Income Tax Returns for the past five years filed for any business or corporation that the Plaintiff has or had an ownership or financial interest.

3. A complete copy of the front and back sides of any and all health insurance cards or any type of insurance benefit card.

4. A color copy of the front and back of your driver's license.

5. Any and all notices of claim, loss, or injury submitted by you or on your behalf to the Defendant(s) or its/their insurance carrier(s).

6. A color copy of all pages contained within your passport, including the front and back sides of the cover.

CASE NO. 2021-21007-CA-01

7.     All medical bills, doctor bills, hospital bills, drug bills, nursing bills, ambulance bills, and bills for similar expenses incurred as a result of and related to the injuries which are or may be the subject matter of this lawsuit.

8.     All repair bills, and repair estimates or documents evidencing property damage incurred or being claimed as a result of the accident or incident which is the subject matter of the complaint.

9.     Laser color copies of any and all photographs in the possession of the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees which are in any manner related to the subject matter of this lawsuit, specifically including but not limited to all photographs of the parties, or the scene of the subject accident or incident.  If none in your possession, but the item(s) exist, please so state, including the name and address of the party who maintains possession.

10.     Laser copies of all photographs depicting any change in the physical appearance of the Plaintiff(s) that was allegedly caused by the act or acts of the Defendants.

11.     Any and all videos in the possession of the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees which are in any manner related to the subject matter of this lawsuit, specifically including but not limited to all videos, videos or "day in the life" videos of the parties, or the scene of the subject accident or incident. If none in your possession, but the item(s) exist, please so state, including the name and address of the party who maintains possession.

12.     All medical reports received by the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees, from doctors, physicians or anyone else who has examined or rendered treatment to the Plaintiff(s), for injuries incurred as a result of the accident or incident which is the subject matter of this lawsuit.

13.     All medical and hospital records for the Plaintiff for the past five years.

14.     All letters of protection issued to each and every treating physician.

15.     All documentary evidence of benefits or payments made to the Plaintiff(s) or on Plaintiff(s) behalf pursuant to Florida Statute.

16.     All documents reflecting payments made to Plaintiff(s) or on their behalf, as a result of the incident and/or damages that are the subject of this case by the following:

    A.     The United States Social Security Act; any Federal State or Local Disability Act; any other public programs providing medical benefits or payment for medical expenses, disability or other similar benefits.

CASE NO. 2021-21007-CA-01

    B.     Any health, sickness or disability income insurance or other similar insurance benefits.

    C.     Any contract or agreements of any group, organization, partnership or corporation to provide, pay for or reimburse costs of hospital, medical or other health care services.

    D.     Any contractual or voluntary wage continuation plan provided by any employers of the Plaintiff(s) or any other system intended to provide wages during any period of alleged disability of the Plaintiff(s).

    E.     Any other collateral source whatsoever providing compensation as a result of the damages incurred as a result of the incident or incidents which are the subject of this claim.

17.    Any audio recordings that are in any manner related to the subject matter of this lawsuit.

18.    All statements made by this Defendant, its agents or employees, that are in the possession or control of Plaintiff(s) or Plaintiff(s)' attorneys, servants, employees or agents regarding the incident complained of or in any way relating to the issues raised by the Complaint.

19.    All reports received from any experts the Plaintiff(s) intend to call at the time of trial and copies of all documents the experts have reviewed in preparation for rendering any opinions in this case.

20.    All documents that the experts have reviewed in arriving at their opinions in this case. (This request only relates to experts Plaintiff(s) intend to call at trial to testify.)

21.    All other documents in the possession or control of the Plaintiff(s) that support the Plaintiff(s)' claims that the Defendants are liable for the damages being claimed in this case.

22.    Any and all notices of intent to collect damages from the tort-feasor directed towards any provider of collateral source payments pursuant to Florida Statute §768.76(6). Please also include proof that the notice was sent by certified or registered mail.

23.    Any statements from providers of collateral source payments that assert a right to subrogation or reimbursement pursuant to Florida Statute §768.76(7).

CASE NO. 2021-21007-CA-01

24.    Any correspondence sent to or received by the Plaintiff(s) from any Defendant. This request does not include any correspondence with any attorneys and is strictly limited to any correspondence between the named parties in this litigation.

25.    The Plaintiff's Social Security Personal Earnings and Benefits Statement.  **In the alternative, sign and return the enclosed authorization for records.**

26.    Any and all settlement agreements and releases with any individual or corporation that in any way relate to or arise out of the allegations that are the subject of this litigation

27.    A copy of the first written notice of any type sent by you (or on your behalf) to the Defendant or its agents relating to this incident.

28.    Any and all statements obtained from any person pertaining to the allegations in the Complaint.

29.    All notes, text messages, and emails written by the Plaintiff(s) prior to the retention of counsel that relate to the allegations or subject matter of the Complaint.

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: William R. Jones III, Esquire, randy@wrjoneslaw.com on **October 13, 2021**.

> /s/ Jaime J. Baca
> Jaime J. Baca, Esquire
> Florida Bar No. 113859
> WICKER SMITH O'HARA MCCOY & FORD, P.A.
> Attorneys for COSTCO WHOLESALE
> CORPORATION
> 2800 Ponce de Leon Boulevard, Suite 800
> Coral Gables, FL  33134
> Phone: (305) 448-3939
> Fax: (305) 441-1745
> miacrtpleadings@wickersmith.com

102807-12

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

OFELIA BARILLAS and EDGAR
BARILLAS, her husband,

  Plaintiffs,

v.

COSTCO WHOLESALE
CORPORATION,

  Defendant.

CIRCUIT CIVIL DIVISION

CASE NO. 2021-21007-CA-01

_____/

## DEFENDANT'S REQUEST FOR ADMISSIONS TO PLAINTIFF, OFELIA BARILLAS

  Pursuant to Fla. R. Civ. P., Rule 1.370, the Defendant, COSTCO WHOLESALE CORPORATION, requests the Plaintiff, OFELIA BARILLAS, to admit or deny each of the following:

  1. Plaintiff(s) received or is entitled to receive benefits from a collateral source, as defined by Florida Statute 627.7372 or Florida Statute 768.76, for medical bills alleged to have been incurred as a result of the incident described in the Complaint.

  2. Plaintiff(s) received or is entitled to receive benefits from a collateral source as defined by Florida Statute 627.7372 or Florida Statute 768.76, for loss of wages or income alleged to have been sustained as a result of the incident described in the Complaint.

  3. Plaintiff(s) received or is entitled to receive benefits pursuant to personal or group health insurance policy, for medical bills alleged to have been incurred as a result of the incident described in the Complaint.

CASE NO. 2021-21007-CA-01

4.      Plaintiff(s) received or is entitled to receive benefits pursuant to a personal or group wage continuation plan or policy, for loss of wages or income alleged to have been sustained as a result of the incident described in the Complaint.

5.      Plaintiff(s) did not sustain a permanent injury within a reasonable degree of medical probability other than scarring or disfigurement as a result of the subject accident.

6.      Plaintiff(s) did not sustain significant and permanent scarring or disfigurement as a result of the subject accident.

7.      Plaintiff(s) did not sustain significant and permanent loss of an important bodily function as a result of the subject accident.

8.      Plaintiff(s) received or is entitled to receive benefits pursuant to a personal or group wage continuation plan or policy, for loss of wages or income alleged to have been sustained as a result of the incident described in the Complaint.

9.      Plaintiff(s) did not inspect his/her surroundings immediately before the subject incident.

10.     Plaintiff(s) did not inspect the floor surrounding his/her immediately before the subject accident.

11.     Plaintiff(s) failure to inspect his/her surroundings immediately before the subject incident contributed to the subject incident.

12.     Plaintiff(s) failure to inspect the floor surrounding his/her immediately before the subject incident contributed to the subject incident.

13.     Plaintiff(s) footwear contributed to the subject accident.

14.     Plaintiff(s) own negligence contributed to the subject incident.

CASE NO. 2021-21007-CA-01

15.     The sole cause of the subject incident is due to the negligence of Plaintiff(s).

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: William R. Jones III, Esquire, randy@wrjoneslaw.com on **October 13, 2021**.

*/s/ Jaime J. Baca*
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for COSTCO WHOLESALE
CORPORATION
2800 Ponce de Leon Boulevard, Suite 800
Coral Gables, FL  33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com

3